## KORFF *v.* HUTCHINSON, ADMINISTRATRIX.

[No. 12,037.    Filed April 10, 1925.]

MASTER AND SERVANT.—*Whether truck-driver causing accident was engaged in master's business or his own was question for jury.*—In an action for death -resulting from being struck by defendant's truck while driven by one of his employees, the question whether the accident was caused by the negligence of the driver while engaged in defendant's business or in his own affairs was a question for the jury, whose decision is conclusive on appeal.

From Warrick Circuit Court; *Caleb J. Lindsey,* Judge.

Action by Frances Hutchinson, administratrix, against Fred Korff. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*W. Less Smith, Phelps F. Darby, John D. Welman, Ora A. Davis* and *Fenton, Steers, Herbst & Klee,* for appellant.

*John R. Brill, Frank H. Hatfield* and *John W. Brady,* for appellee.

THOMPSON, J.—This action was brought by appellee to recover damages for the death of her husband, Martin Hutchinson.

The decedent was fatally injured on September 17, 1923, by an auto truck which was owned by appellant, Fred Korff. The truck, at the time, was being driven by Ed Spencer, one of appellant's employees who was alone in the truck. Decedent was struck while standing in the street at the rear of his truck which was parked near the curb. Decedent's truck, loaded with water-melons, was standing headed west near the south curb of Sycamore street in the city of Evansville. The right wheels of the truck were about eighteen inches from the curb.

On said date, Spencer started from defendant's place of business on Main street, to deliver two heavy tires to the Goodyear Tire Company. Sycamore street is about forty-one (41) feet wide. The truck Spencer was driving weighed 3,750 pounds, and the truck of decedent had on a high bed which was about one-fourth or one-half full of water-melons.

Spencer testified that he was driving down Sycamore street just north of the center of said street and saw Martin Hutchinson when he was about 150 or 160 feet from him, and that he was intending to stop and purchase a melon; that he turned the truck to the right and

was running not more than one or two miles an hour when the truck struck Hutchinson. Other witnesses testified that Spencer turned his truck to the right as he approached where Hutchinson and his truck were standing. Other witnesses testified to tire or wheel marks on the street caused by skidding of the wheels on the street when the brakes were applied. The testimony of the witnesses varied as to the rate of speed Spencer was going. The testimony was that one or two of the lights on the truck driven by Spencer were broken, and it was further testified to that Hutchinson's truck was pushed forward about a foot by the impact of the collision; that immediately after Hutchinson was injured, he suffered much pain and was taken to a hospital and given treatment and proper medical attention until his death which occurred about 11:30 p. m. on the day of the injury.

There were interrogatories submitted to the jury to be answered, on the return of a verdict by them. At the close of the evidence, the defendant filed a motion asking the court to instruct the jury to return a verdict for the defendant. The motion was overruled by the court, to which ruling the defendant excepted. There was a trial by jury and a verdict returned for the plaintiff in the sum of $5,000. The defendant then filed a motion for a new trial on the following grounds: First: That verdict of the jury was not sustained by sufficient evidence. Second: The verdict was contrary to law. Third: The court erred in overruling defendant's motion for a judgment in his favor upon the answers to the interrogatories, which interrogatories and answers thereto were returned by the jury in connection with its general verdict herein.

The defendant further alleged error in the refusal of the court to give certain instructions tendered by

defendant and also alleged error in the giving of certain instructions by the court of its own motion, and in giving instructions tendered by the plaintiff.

The appellant complains of the court's refusal to require the jury to answer interrogatories Nos. 6 and 10 submitted by defendant. We find no error in the court's rulings thereon.

Appellant complains of the action of the court in refusing to give certain instructions tendered by appellant. After a careful consideration of said instructions, we find no error in the court's ruling in this respect.

Appellant also complains of instructions given by the court of its own motion, which were excepted to by appellant. We have carefully considered all the instructions given, and those tendered and refused, and are of the opinion that the court instructed the jury fully on all legal questions involved and that appellant has no cause to complain, as the court fully and correctly instructed the jury on all the questions of which complaint is made.

Appellant also asserts error in the court's overruling of appellant's objections to certain questions propounded to certain witnesses, all of which have been duly considered, and we find no reversible error in said ruling.

The evidence in the case is such that the jury might have disbelieved the evidence of Spencer as to his intention to stop and purchase a water-melon, or even had it believed he did intend to stop for that purpose, still the evidence is uncontradicted that Spencer did not stop from the time he started from his employer's place of business until the truck he was driving struck the decedent with such force that he died shortly thereafter from the effects of the injury and, during all that time, he was driving in the direction of the Goodyear com-

pany's place of business and over the most direct route thereto.

Whether the accident was caused by reason of the negligence of the driver of said truck while engaged in his master's business, or was occasioned by the negligence of said driver after he, as he contends, determined to turn from the center of the street and stop at the truck of the deceased for the purpose of buying a water-melon, were questions of fact for the jury. The jury, as shown by its answer to interrogatory No. 8, did not believe the testimony of said driver as to the above involved fact.

We feel that the case was tried upon its merits and that there was evidence to support the verdict, and that the court did not err in overruling defendant's motion for a directed verdict, nor in overruling defendant's motion for a new trial.

This case has been well briefed and ably argued orally, and after reviewing the numerous authorities cited by counsel, we conclude that no reversible error has been shown, and the judgment is, therefore, affirmed.

Judgment affirmed.